ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 8, 2003

The Honorable Richard J. Miller
Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

Opinion No. GA-0097

Re: Whether certain "reverse raffle" features violate chapter 47 the Penal Code or the Charitable Raffle Enabling Act (RQ-0040-GA)

Dear Mr. Miller:

You ask several questions about chapter 47 of the Penal Code and the Charitable Raffle Enabling Act with respect to a "reverse raffle."[1]

I. **Legal and Factual Background**

Chapter 47 of the Penal Code prohibits various gambling activities, including activities related to "lotteries," a term that embraces raffles. *See* TEX. PEN. CODE ANN. § 47.01(7) (Vernon 2003) (under chapter 47, "lottery" means "any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, *raffle*, gift, gift enterprise, sale, policy game, or some other name") (emphasis added). For example, it is an offense under chapter 47 to promote a lottery, to sell a lottery ticket, or to operate a gambling place, which includes a building or room used to conduct a lottery. *See id.* §§ 47.03-.04; *see also id.* § 47.01(3) (defining "gambling place"). It is a defense to prosecution under chapter 47 that the conduct "was authorized under . . . Chapter 2002, Occupations Code." *Id.* § 47.09(a)(1)(B).

Chapter 2002 of the Occupations Code, the Charitable Raffle Enabling Act, permits and regulates "raffles," which it defines as "the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised to pay a thing of value for a ticket that represents a chance to win a prize." TEX. OCC. CODE ANN. § 2002.002(6) (Vernon 2003). A qualified organization may conduct a raffle "subject to the conditions imposed by" subchapter B of the Act. *See id.* § 2002.051; *see also id.* §§ 2002.002(2)-(5), 2002.003 (defining "qualified organization"). Subchapter B limits the number of raffles an organization may hold each

---

[1]*See* Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 2-3 (Apr. 11, 2003) (on file with Opinion Committee) [hereinafter Request Letter]; Raffle Ticket and Terms (attachment to Request Letter) [hereinafter Attachment].

year, *see id.* § 2002.052,[2] and requires that "[a]ll proceeds from the sale of tickets for a raffle must be spent for the charitable purposes of the organization," *id.* § 2002.053; *see also id.* § 2002.002(1) (defining "charitable purposes"). Each raffle ticket sold or offered for sale must state "(1) the name of the organization conducting the raffle; (2) the address of the organization or of a named officer of the organization; (3) the ticket price; and (4) a general description of each prize having a value of more than $10 to be awarded in the raffle." *Id.* § 2002.055.[3] The raffle prize may not be money. *See id.* § 2002.056(a). The value of a prize "that is purchased by the organization or for which the organization provides any consideration may not exceed $50,000." *Id.* § 2002.056(b); *see also id.* § 2002.056(c) ("A raffle prize may consist of one or more tickets in the state lottery authorized by Chapter 466, Government Code, with a face value of $50,000 or less, without regard to whether a prize in the lottery game to which the ticket or tickets relate exceeds $50,000.").

The Act authorizes local prosecutors and the attorney general to "bring an action . . . for a permanent or temporary injunction or a temporary restraining order prohibiting conduct involving a raffle or similar procedure" that violates or threatens to violate state gambling laws and is not authorized by the Act or other law. *See id.* § 2002.058(a). The Act does not impose criminal penalties.

You outline certain raffle features and have provided us with a raffle ticket distributed by an organization that describes the raffle terms in some detail. *See* Request Letter, *supra* note 1, at 1; *id.* (Attachment). You state that the raffle "initially complies" with the Act, by which you mean that "[t]here is a legitimate charitable purpose for which the proceeds of the raffle will be spent"; "the tickets make the appropriate disclosures"; ticket sales comply with the Act; and "no prize exceeds $50,000 in value." *Id.* (Request Letter) at 1.

You inform us that prior to the drawing, the organization will sell "a maximum of 200 out of 210 printed tickets for $77.00 each." *Id.* To be eligible to win a prize, ticket holders must attend or send a representative to the drawing that will be held at a specific time and place. *See id.* (Attachment). At the drawing, the holders of the 1st, 75th, and 125th tickets drawn will receive a full or partial refund of the $77.00 ticket price. *See id.* After the 150th ticket has been drawn, "nine of the ten extra tickets will be auctioned off to those in attendance." *Id.* (Request Letter) at 1. After

---

[2]The legislature recently amended subchapter B. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 597, § 1, 2003 Tex. Sess. Law Serv. 1969 (to be codified as an amendment to TEX. OCC. CODE ANN. § 2002.052) (effective Sept. 1, 2003); signed by the governor on June 20, 2003, *available at* http://www.governor.state.tx.us/divisions/press/bills2003#hb. As of September 1, 2003, section 2002.052 also provides that an organization must "set a date on which the organization will award the prize or prizes in a raffle." Act of May 27, 2003, 78th Leg., R.S., ch. 597, § 1, 2003 Tex. Sess. Law Serv. 1969 (to be codified as an amendment to TEX. OCC. CODE ANN. § 2002.052). The organization must award the prize or prizes on that date unless the organization becomes unable to do so. *See id.* In that event, the organization may set another date not later than 30 days from the date originally set. *See id.* If the prize or prizes are not awarded within the required period, "the organization must refund or offer to refund the amount paid by each person who purchased a ticket for the raffle." *Id.*

[3]As of September 1, 2003, section 2002.055(5) also requires a raffle ticket to state "the date on which the raffle prize or prizes will be awarded." Act of May 27, 2003, 78th Leg., R.S., ch. 597, § 2, 2003 Tex. Sess. Law Serv. 1969 (to be codified as an amendment to TEX. OCC. CODE ANN. § 2002.055).

the 200th ticket has been drawn, "the tenth extra ticket will also be auctioned off to the highest bidder." *Id.* During the drawing, "holders of drawn tickets can buy extra 'chances' for their ticket by paying $8.00 per chance" or $20.00 for three chances. *Id.* In addition, during the event ticket holders may sell, exchange, or auction their tickets. *See id.* (Attachment). Ten percent of these sales goes to the charitable organization. *See id.* You ask four questions about these activities.

## II.     Analysis

### A.     Offering Ticket Refunds as Raffle Prizes

First, because holders of the 1st, 75th, and 125th tickets drawn will be refunded all or a portion of the original ticket price, *see id.*, you ask if it is "a violation of Section 2002.056(a) for raffle ticket holders to receive some portion of their purchase price as a result of a chance drawing." *Id.* (Request Letter) at 2. It appears from your letter that these ticket holders will receive cash refunds. *See id.* (Attachment). Moreover, each refund will be awarded by chance and therefore will constitute a raffle "prize." *See* TEX. OCC. CODE ANN. § 2002.002(6) (defining a "raffle" as "the *award of one or more prizes by chance* at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize") (emphasis added). Section 2002.056(a) of the Occupations Code provides that "[a] prize offered or awarded at a raffle may not be money." *Id.* § 2002.056(a); *see also* Tex. Att'y Gen. Op. No. JC-0111 (1999) (concluding that under Occupations Code, section 2002.056, the term "money" includes "not only coins and currency of the United States *but also* negotiable instruments that are equivalent to money, such as certificates of deposit"). An organization that offers or awards as a raffle prize a cash refund of all or a portion of a ticket's purchase price violates the section 2002.056(a) prohibition.

### B.     Auctioning Tickets During the Raffle

Second, you ask, "Does the fact that Chapter 2002, Occupations Code, specifies that a charitable raffle ticket shall have a purchase price printed on it prohibit the auctioning off of that ticket for a different (and likely greater) cost at the charitable raffle event?" Request Letter, *supra* note 1, at 2. We gather that this question involves the organization's plan to auction ten additional tickets at different points after it has begun to draw tickets. It does not appear to concern ticket resales by ticket holders, which is the subject of your third question. *See id.*

In answer to your specific question, the Charitable Raffle Enabling Act permits a qualified organization to "conduct a raffle subject to the conditions imposed by" subchapter B. *See* TEX. OCC. CODE ANN. § 2002.051 (Vernon 2003). One of those conditions is that "the ticket price" must be printed "on each raffle ticket sold or offered for sale," as required by section 2002.055(3). *Id.* § 2002.055(3). Section 2002.055(3) does not expressly state that tickets must be sold or offered for sale only for the printed ticket price, but the printed-ticket-price requirement would have no meaning if this provision were construed to permit organizations to sell tickets at any price provided that some price is printed on the tickets. Accordingly, we construe section 2002.055(3) to require an

organization (and its representatives)[4] to sell and offer for sale tickets only for the printed ticket price. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) ("In enacting a statute, it is presumed that . . . the entire statute is intended to be effective[.]"). When an organization sells or offers for sale a raffle ticket for a price that is not printed on the raffle ticket, it fails to conform with this condition. As a result, the raffle is not authorized by the Act. *See* TEX. OCC. CODE ANN. § 2002.051 (Vernon 2003).

More significantly, the Act defines the term "raffle" to mean "the award of one or more prizes by chance at a single occasion *among a single pool or group of persons* who have paid or promised a thing of value for a ticket that represents a chance to win a prize." *Id.* § 2002.002(6) (emphasis added). In this case, the group of ticket holders who purchased tickets before the beginning of the drawing is a "single pool or group of persons." By selling additional tickets after the beginning of the drawing, however, the organization creates a new pool of persons among whom prizes will be awarded that consists of the holders of the remaining tickets and the new tickets. The pools overlap but are not identical. Because the term "raffle" does not embrace a raffle among more than one pool, the raffle you describe is not authorized by the Act.

In connection with your second question, you also ask, if auctioning tickets for a price other than the printed price violates the Charitable Raffle Enabling Act, whether "such auctioning of raffle tickets [is] a violation of Section 47.03, Penal Code, if done intentionally and knowingly?" Request Letter, *supra* note 1, at 2.

Under section 47.03(a) of the Penal Code, "[a] person commits an offense" if he or she "intentionally or knowingly . . . for gain, . . . sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery." TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 2003). Under the Penal Code, the term "person" "means an individual, corporation, or association," *see id.* § 1.07(38), and thus includes an individual or an organization. For purposes of section 47.03(a)(5), a raffle ticket is evidence of participation in a lottery. *See id.* § 47.01(7) (defining lottery to include raffle); Tex. Att'y Gen. Op. No. JC-0480 (2002) at 3 ("a raffle ticket 'serve[s] as evidence of participation in [a] lottery'"). The phrase "for gain" means for "profit" or "excess of receipts over expenditures." Tex. Att'y Gen. Op. No. JC-0480 (2002) at 4. Both a court and this office have concluded that a person sells or offers to sell a raffle ticket "for gain" even if the ticket proceeds are used for a charitable purpose. *See State v. Amvets Post Number 80*, 541 S.W.2d 481, 483 (Tex. Civ. App.–Dallas 1976, no writ) ("Even if all the proceeds were contributed to charity, the game would still be an enterprise undertaken 'for gain.' A gain is no less a gain if it is contributed to charity."); Tex. Att'y Gen. Op. No. JC-0480 (2002) at 4.

---

[4]*See* TEX. OCC. CODE ANN. § 2002.054(b)-(c) (Vernon 2003) (limitations on who may sell raffle tickets).

Accordingly, a person or organization that intentionally or knowingly[5] for gain sells a raffle ticket violates section 47.03(a)(5) of the Penal Code. *See* TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 2003). Furthermore, because a person or organization that sells a raffle ticket for an amount other than its printed ticket price does not conduct a raffle authorized under the Charitable Raffle Enabling Act, *see* TEX. OCC. CODE ANN. §§ 2002.051, 2002.055(3) (Vernon 2003), the person or organization may not use the Act as a defense to prosecution. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(B) (Vernon 2003) ("It is a defense to prosecution under this chapter that the conduct . . . was authorized under . . . Chapter 2002, Occupations Code."). The same is true if the event does not fall within the Act's definition of "raffle" because it is not limited to a single pool.

## C.     Reselling Raffle Tickets by Ticket Holders

Third, you ask, "Do the side transactions between ticket holders themselves, with respect to purchasing another's raffle tickets, constitute a gambling violation under the Penal Code or Occupations Code?" Request Letter, *supra* note 1, at 2. You explain that "persons holding raffle tickets in the audience may also bid among themselves for their tickets." *Id.* at 1. The raffle ticket you have provided states that "tickets sold or exchanged during the drawing must go through the auctioneer" and that "10% of all sales will go to" the organization conducting the raffle. *Id.* (Attachment).

A person who resells or exchanges a raffle ticket that he or she purchased from a qualified organization for more than the ticket price sells or transfers a lottery ticket for gain within the meaning of section 47.03(a)(5) of the Penal Code. *See* TEX. PEN. CODE ANN. §§ 47.01(7) (Vernon 2003) (defining lottery to include raffle), 47.03(a)(5) ("[a] person commits an offense" if he or she "intentionally or knowingly . . . for gain, . . . sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery"); Tex. Att'y Gen. Op. No. JC-0480 (2002) at 4 (to "transfer" a raffle ticket means to pass possession and control of ticket to another), ("a raffle ticket 'serve[s] as evidence of participation in [a] lottery'"), ("for gain" means for "profit" or "excess of receipts over expenditures").

The Charitable Raffle Enabling Act provides for raffle ticket sales by the charitable organization's members or persons authorized by the organization to sell tickets. *See* TEX. OCC. CODE ANN. § 2002.054(b) (Vernon 2003). The Act does not authorize the resale of raffle tickets. Moreover, ticket holders' entitlement to ninety percent of the resale price would violate the Act's requirement that "[a]ll proceeds from the sale of tickets for a raffle must be spent for the charitable purposes of the organization." *Id.* § 2002.053; *see also id.* § 2002.054(b) ("The organization may

---

[5]*See also* TEX. PEN. CODE ANN. § 6.03(a) (Vernon 2003) ("A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."), 6.03(b) ("A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."); Tex. Att'y Gen. Op. No. JC-0480 (2002) at 5 ("whether a person commits an act intentionally or knowingly is generally beyond the scope of an attorney general opinion").

not compensate a person for . . . selling [raffle tickets].”). Further, if these tickets are resold for an amount other than $77.00, their printed purchase price, then such resales would violate the requirement that “the ticket price” must be printed “on each raffle ticket sold or offered for sale.” *Id.* § 2002.055(3). Because the Act does not permit ticket resales, and the resales you describe would not comply with its conditions, the Act provides no defense to prosecution under chapter 47 of the Penal Code. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(B) (Vernon 2003).

### D.     Selling Additional Chances During the Drawing

Fourth and finally, in light of the fact that during the drawing “holders of drawn tickets can buy extra ‘chances’ for their ticket by paying $8.00 per chance” or $20.00 for three chances, Request Letter, *supra* note 1, at 1, you ask, “Is the buying of extra ‘chances’ for a ticket to be put [b]ack in the hopper and possibly drawn again a violation of either the Occupations Code or the Penal Code?” *Id.* at 2-3. You ask about buying extra chances, but, given that you focus on section 47.03 of the Penal Code, which relates to lottery promotion and ticket sales, we assume that you are concerned about the organization’s sale of extra chances rather than their purchase by raffle participants.

As we have explained, the Act’s definition of the term “raffle” does not include a raffle among more than a single pool. *See* TEX. OCC. CODE ANN. § 2002.002(6) (Vernon 2003) (defining “raffle” to mean “the award of one or more prizes by chance at a single occasion *among a single pool or group of persons* who have paid or promised a thing of value *for a ticket that represents a chance to win a prize*”) (emphasis added). As with the sale of additional tickets, the sale of additional chances after the drawing has begun alters the pool and thereby creates more than a single pool. For this reason, a raffle that includes the sale of additional chances after the drawing has begun is not authorized by the Act. An extra raffle chance is “evidence of participation in [a] lottery,”[6] and an organization’s sale of such chances would fall within the scope of section 47.03(a)(5) of the Penal Code. *See* TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 2003) (“[a] person commits an offense” if he or she “intentionally or knowingly . . . for gain, . . . sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery”); *Amvets Post Number 80*, 541 S.W.2d at 483 (“A gain is no less a gain if it is contributed to charity.”). Because the Charitable Raffle Enabling Act does not authorize an organization to sell additional chances after the drawing has begun, the Act would not provide a defense to prosecution. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(B) (Vernon 2003).

---

[6]To fall within the Charitable Raffle Enabling Act’s scope, any chance to win sold by the organization must be sold as a ticket. *See* TEX. OCC. CODE ANN. § 2002.002(6) (Vernon 2003) (defining “raffle” to mean “the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value *for a ticket that represents a chance to win a prize*”) (emphasis added); *see also id.* §§ 2002.052-.055 (limitations on ticket sales).

## S U M M A R Y

Section 47.03(a)(5) of the Penal Code proscribes intentionally or knowingly selling or transferring raffle tickets for gain, even if the proceeds are used for charitable purposes. *See* TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 2003). However, it is a defense to prosecution under section 47.03(a)(5) that the conduct was authorized by the Charitable Raffle Enabling Act. *See id.* § 47.09(a)(1)(B).

The Act provides that a prize offered or awarded at a raffle may not be money. *See* TEX. OCC. CODE ANN. § 2002.056(a) (Vernon 2003). An organization that offers or awards as a raffle prize a cash refund of all or a portion of a ticket's purchase price violates this prohibition and does not conduct a raffle authorized under the Act. The Act requires that "the ticket price" must be printed "on each raffle ticket sold or offered for sale." *Id.* § 2002.055(3). A person who sells a raffle ticket for an amount other than its printed ticket price does not conduct a raffle authorized under the Act. *See id.* §§ 2002.051, 2002.055(3). Because the Act's definition of the term "raffle" requires the award of prizes "among a single pool or group of persons," the Act does not permit an organization to sell tickets or additional chances after the drawing has begun. *See id.* § 2002.002(6) (defining "raffle"). Finally, the Act does not authorize raffle ticket resales.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee